Case 3:25-cv-00516-RCY   Document 3   Filed 07/10/25   Page 1 of 11 PageID# 27



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

PHOEBE DACHA and

MARY A. ONGENGE-OKWIRI,

*Plaintiffs*,

v.

DAVID SCOTT LANDRY, in his official capacity as Judge of the Chesterfield Juvenile and Domestic Relations District Court;

KARL S. LEONARD, in his official and individual capacity as Sheriff of Chesterfield County;

MACSSMAN, CN BADGE 172 BAILIFF, JOHN DOE BAILIFFS 1–4, in their individual capacities;

PARIS NICOLLA VEILLARD, in her individual and official capacity as Guardian ad Litem;

GARY CHRISTOPHER WHITE, in his individual capacity;

LAKEISHA TRAVONNE WHITE, in her individual capacity;

COMMONWEALTH'S ATTORNEY, KIM GRETES, in individual and official capacity;

*Defendants*.

Civil Action No. 3:25CV516

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

(Jury Trial Demanded)

1

## I. INTRODUCTION

1. This civil rights action arises from a coordinated pattern of retaliation, judicial misconduct, malicious prosecution, and interference with parental rights, culminating in Plaintiffs' unlawful arrest and detention on June 24, 2025, and extending into the denial of familial association and due process rights through the family court system in Chesterfield County. Plaintiffs allege that Judge David Scott Landry, bailiffs under the authority of Sheriff Karl Leonard, the child's father and stepmother, the Commonwealth's Attorney, and the Guardian ad Litem participated in a continuing course of conduct designed to silence, punish, and alienate Plaintiff Dacha from her child, and retaliate against her constitutionally protected actions. Defendants violated Plaintiffs' rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §§ 1983 and 1985, and the Constitution and laws of Virginia.

## II. FACTUAL ALLEGATIONS

### A. Events Involving Plaintiff Phoebe Dacha

2. On June 24, 2025, Plaintiff Phoebe Dacha appeared before the Chesterfield Juvenile and Domestic Relations District Court as both a party and a witness in connection with a proceeding involving an alleged incident of assault and battery.

3. Plaintiff was quietly seated in the courtroom gallery, attentively listening to testimony and reviewing documents. She nodded at various points but did not speak, disrupt, or interfere with the proceedings in any way.

2

4. Without warning, Judge David Scott Landry abruptly stated, "Gestures—you are in contempt," and ordered Ms. Dacha to leave the courtroom. As she stood to comply, Judge Landry immediately instructed bailiffs, stating, "Get her."

5. Plaintiff was suddenly and forcefully seized by multiple court officers. As a result of the excessive force used, she fell to the ground, was physically restrained, and placed under arrest for contempt of court—allegedly for failing to comply with the order to stand.

6. At the time of her arrest, no written contempt order was issued. Plaintiff was afforded neither notice of charges, nor a hearing, nor an opportunity to defend herself.

7. Plaintiff was incarcerated at Chesterfield County Jail for ten (10) days without lawful process or procedural safeguards.

8. After her release, Plaintiff sought medical evaluation, which revealed the following injuries:
    - Contusions to her left upper extremity and right thigh;
    - Injury to her spine and hip;
    - Severely elevated blood pressure above her medical baseline.

9. A written statement subsequently produced by the court purporting to justify the contempt finding is demonstrably false and inconsistent with multiple eyewitness accounts and the actual events.

**B. Events Involving Plaintiff Mary A. Ongenge-Okwiri**

10. Plaintiff Mary A. Ongenge-Okwiri, the mother of Ms. Dacha, was present in court as a party to the same proceeding.

3

11. The hearing concerned an unsubstantiated claim that Ms. Ongenge-Okwiri had assaulted her grandson—an allegation tied to an incident that allegedly occurred eight months prior, even though she had not seen the child for over two years due to a standing protective order against Plaintiff mother.

12. During the hearing, upon witnessing her daughter being forcibly restrained, Ms. Ongenge-Okwiri instinctively stood and verbally objected, stating, "Stop hurting her."

13. Ms. Ongenge-Okwiri did not approach the bench, yell, threaten court personnel, or otherwise interfere with the proceeding.

14. Nevertheless, Judge Landry responded, "She's in contempt too. Get her."

15. Ms. Ongenge-Okwiri was then seized by multiple deputies, tightly handcuffed, and slammed against a wall. She experienced immediate pain and disorientation.

16. She was detained for several hours without a written contempt order, hearing, or explanation of any specific charge.

17. Following her release, she underwent medical treatment, which confirmed the following injuries:
    - Contusions to her wrist and arm;
    - Head trauma consistent with forceful impact;
    - Critically elevated blood pressure exceeding her medical baseline.

18. At no point was Ms. Ongenge-Okwiri advised of any contempt charge or provided with any written order substantiating her detention.

**C. Coordinated Conduct and Continuing Harm by Other Defendants**

19. Defendant Paris Veillard was appointed as the Guardian ad Litem for Plaintiff Dacha's minor child. Despite knowledge that Plaintiff Dacha had been cleared by CPS of abuse and neglect allegations, Veillard repeatedly failed to advocate for or facilitate reunification and instead exhibited ongoing bias toward the child's father, Defendant Gary White. Veillard refused to present favorable evidence for reunification and failed to correct the record when it was misrepresented to the court.

20. Defendant Gary L. White, the child's father, and Defendant Lakeisha Hackney White, his spouse, submitted false CPS reports against Plaintiff Dacha with the intent to damage her reputation, disrupt custody proceedings, and interfere with her parental rights. These reports were later determined to be unfounded, but nonetheless contributed to Plaintiff's alienation from her son.

21. On June 24, 2025, Defendants Veillard, Gary White, and Lakeisha Hackney White were present in the courtroom and either actively participated in or remained complicit in the retaliatory courtroom events initiated by Judge Landry. Their presence and prior false statements helped create the hostile and prejudicial atmosphere that resulted in Plaintiff's unlawful contempt detention.

22. During the same hearing, Kim Gretes Commonwealth's Attorney verbally attacked Plaintiff Dacha for drafting and filing a writ petition to the Virginia Supreme Court, characterizing her legal actions as subversive. This attack constituted retaliation for Plaintiff's exercise of her First Amendment right to petition the government and contributed to the contempt finding.

5

22A. During the June 24, 2025 hearing, Defendant **Kim Gretes**, the Commonwealth's Attorney, **verbally requested permission to record the proceedings using her personal device** while inside the courtroom. This request was made on the record and in the presence of Plaintiffs and other courtroom participants. Plaintiffs allege that this request—along with her earlier verbal condemnation of Plaintiff Dacha's legal filings—contributed to a hostile and retaliatory courtroom environment.

22B. Importantly, Plaintiffs contend that **any audio recording captured by Ms. Gretes may contain critical evidence** regarding what was actually said during the proceeding, the demeanor of the Plaintiffs, and the **context in which Judge Landry issued the contempt orders**. Given that Plaintiffs were **seated and non-disruptive**, such a recording could independently confirm that the contempt findings were issued arbitrarily and in violation of Plaintiffs' constitutional rights. Plaintiffs request that this recording, if it exists, be produced in discovery and preserved as evidence of the courtroom conduct in question.

### III. PRESERVATION OF CLAIMS AND INCLUSION OF JUDGE LANDRY

23. Plaintiffs acknowledge that Plaintiff Phoebe Dacha's contempt conviction is currently under direct appeal in the Virginia Court of Appeals. However, the claims asserted in this action do not seek to overturn or undermine the validity of that conviction, nor do they interfere with the state appellate process. Instead, Plaintiffs challenge the manner and means by which they were seized, restrained, and punished—without advance notice, a

hearing, or lawful process—in violation of their rights under the Fourth and Fourteenth Amendments.

23A. Plaintiffs assert that their claims for excessive force, unlawful seizure, and deprivation of due process are independently actionable, regardless of the outcome of the contempt appeal. These constitutional violations arise from conduct separate and distinct from the legal sufficiency of the contempt finding and do not necessarily imply its invalidity. Accordingly, Plaintiffs' claims are not barred by Heck v. Humphrey, 512 U.S. 477 (1994). To the extent any aspect of the relief sought could be interpreted as implicating the validity of the conviction, Plaintiffs respectfully request that those portions of the claims be stayed rather than dismissed.

23B. Plaintiffs further submit that abstention under Younger v. Harris, 401 U.S. 37 (1971), is inapplicable. This action does not seek to enjoin or interfere with any ongoing state proceeding, but rather seeks compensatory damages and declaratory relief for constitutional violations that are complete, discrete, and not dependent on the pending appeal.

23C. Plaintiffs also include Judge David Scott Landry in his official capacity only for the limited purpose of obtaining declaratory relief pursuant to 28 U.S.C. § 2201. Plaintiffs seek a judicial declaration that the summary contempt proceedings on June 24, 2025—conducted without notice, opportunity to be heard, or written findings—violated their rights under the Fourteenth Amendment and applicable Virginia law. Plaintiffs do not seek any monetary damages from Judge Landry and recognize that absolute judicial immunity bars such claims.

23D. The inclusion of Judge Landry is further justified by allegations of an ongoing pattern of unconstitutional conduct, including repeated failures to provide proper notice, summary punishment without hearing, refusal to grant continuances or remote accommodations, and

general hostility to Plaintiffs' due process rights. These actions, taken in his official capacity and within an ongoing judicial role, continue to impact Plaintiffs' liberty and constitutional interests. Declaratory relief is therefore not only appropriate, but necessary to prevent further harm.

23E. Plaintiffs further allege that this pattern of retaliation, unlawful contempt, and loss of custody share a common thread of due process violations and conspiracy.

## IV. LEGAL CLAIMS

**Count I – Violation of Due Process (14th Amendment; 42 U.S.C. § 1983)**

Plaintiffs were deprived of liberty without notice, a hearing, or an opportunity to be heard, in violation of the Fourteenth Amendment.

**Count II – Unlawful Seizure and Excessive Force (4th Amendment; 42 U.S.C. § 1983)**

Plaintiffs were seized without a warrant, probable cause, or lawful basis and were subjected to excessive force.

**Count III – Conspiracy to Violate Civil Rights (42 U.S.C. § 1985(3))**

On information and belief, Defendants conspired to retaliate against Plaintiffs and used the courtroom setting to unlawfully detain and silence them.

**Count IV – Violation of Virginia Constitution (Art. I, § 11)**

Defendants violated Plaintiffs' state constitutional rights by summarily punishing them absent the requirements of Virginia Code § 18.2-456.

**Count V – Declaratory Relief (28 U.S.C. § 2201)**

Plaintiffs seek a declaration that their contempt arrests and detentions were unconstitutional and void.

**Count VI – Defamation and Tortious Interference with Parental Rights (State Law)**

Defendants Gary White and Lakeisha Hackney White made false statements and CPS reports with malicious intent to interfere with Plaintiff Dacha's parental rights.

**Count VII – Retaliation for Protected Activity (1st Amendment; 42 U.S.C. § 1983)**

The Commonwealth's Attorney retaliated against Plaintiff Dacha in open court for exercising her right to petition the government through a writ to the Virginia Supreme Court.

## V. DAMAGES

31. Plaintiffs suffered physical injuries, emotional trauma, reputational harm, and deprivation of liberty and familial association.

32. Plaintiffs respectfully request:

- Compensatory damages;
- Punitive damages against individual defendants;
- Attorneys' fees and costs under 42 U.S.C. § 1988;
- Declaratory and injunctive relief.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Enter judgment in favor of Plaintiffs and against all Defendants;
2. Award compensatory and punitive damages as appropriate;
3. Declare that the contempt proceedings and associated detentions were unconstitutional;
4. Declare that Defendants' ongoing interference with Plaintiff's parental rights is unlawful;

5. Award attorneys' fees and costs under 42 U.S.C. § 1988;

6. Grant any other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted,

Dated: 7/10/25

**Phoebe Dacha**
Plaintiff, pro se
10703 Gayton Rd
Henrico, VA 23238
Phone: (804) 396-8566
Email: phoebedacha@gmail.com

**Mary A. Ongenge-Okwiri**
Plaintiff, pro se
9619 Quioccasin Rd
Henrico, VA 23238
Phone: (804) 922-7712

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
_____ DIVISION

Phoebe Docha & Mary Ongengo-Okwiri
_____
Plaintiff(s),

v.   Civil Action Number: 3:25cv516

Chesterfield Sheriff, Judge Landry et al
_____
Defendant(s),

## LOCAL RULE 83.1 (N) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared or assisted in the preparation of __Amended Complaint__.
(Title of Document)

Phoebe Dacha
Name of *Pro Se* Party (Print or Type)

_signature_
Signature of *Pro Se* Party

Executed on: 07/10/2025 (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)